IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shaquan Sherman,<br><br>Plaintiff,<br>v.<br><br>Equifax Information Services LLC,<br><br>Defendant. | Case No. 4:25-cv-13151-SAC<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on two Motions to Dismiss filed by Defendant Equifax Information Services LLC ("Equifax"), ECF Nos. 9; 23, and a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 18. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

**BACKGROUND**

Plaintiff, proceeding *pro se*, asserts claims against Equifax for alleged violations of the Fair Credit Reporting Act ("FCRA"). ECF No. 1-1. On November 3, 2025, Equifax filed a Motion to Dismiss Plaintiff's Complaint on the grounds that the allegations were so conclusory and vague that Equifax was unable to adequately respond and the Complaint failed to state a claim under § 1681i of the FCRA ("First Motion to Dismiss"). ECF No. 9. On June 15, 2026, the Magistrate Judge issued a Report recommending that Equifax's First Motion to Dismiss be granted. ECF No. 18. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 8. Plaintiff did not file objections.

On June 23, 2026, Plaintiff filed an Amended Complaint,[1] alleging that the manner in which Equifax reported the accounts "created a materially misleading impression regarding Plaintiff's present creditworthiness." ECF No. 21 at 2. Equifax filed a Motion to Dismiss Plaintiff's Amended Complaint on July 6, 2026, arguing Plaintiff's Amended Complaint was untimely filed under Federal Rule of Civil Procedure 15 and that it nevertheless fails to address any of the deficiencies present in the original Complaint ("Second Motion to Dismiss"). ECF No. 23. Plaintiff filed a response to Equifax's Second Motion to Dismiss on July 21, 2026. ECF No. 24. These motions are accordingly ripe for review.

**STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss,

[1] Given Plaintiff's *pro se* status, the Court construes Plaintiff's Amended Complaint as a motion to amend the Complaint. *See, e.g.*, *Stanfield v. Wigger*, No. 2:14-cv-00839-PMD, 2015 WL 58077, at *2 (D.S.C. Jan. 5, 2015) ("[T]he Court will construe Plaintiff's Second Amendment to Complaint as a Motion to Amend his Amended Complaint"). Although Equifax rightly argues Plaintiff's constructive motion to amend was filed out of time, there is no indication Equifax will be prejudiced by allowing amendment, as discovery has not yet commenced and Equifax has already fully briefed a motion to dismiss the Amended Complaint. Therefore, in the interests of efficiency and judicial economy, and out of an abundance of caution considering Plaintiff's *pro se* status, the Court grants the motion to amend and will consider the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(b) (leave "shall be freely given when justice so requires"); *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (en banc) (stating that Rule 15(a) is a "liberal rule giv[ing] effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities," that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," and that "[d]elay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." (citation modified)).

Further, because the Amended Complaint is now the operative complaint in the case, the Magistrate Judge's Report — which analyzed only the original Complaint — is now moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint of no effect." (citation modified)).

the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely only on the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31-32 (4th Cir. 1985).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)— the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**ANALYSIS**

## I. The Parties' Arguments

In his Amended Complaint, Plaintiff asserts claims under both § 1681i and § 1681e(b), alleging that Equifax's reporting of Plaintiff's accounts "created a misleading impression regarding Plaintiff's creditworthiness" and "contributed to the appearance that Plaintiff remained in an ongoing cycle of delinquency and financial instability." ECF No. 21 ¶¶ 16-22. Specifically, Plaintiff alleges Equifax's credit disclosures repeatedly contained monthly charge-off indicators and derogatory payment history and narrative codes, all of which, though undisputed, could lead a reasonable creditor to interpret the reports as evidence of continuing delinquency and financial instability. *Id.* ¶¶ 10-28. Plaintiff further alleges that Equifax did not conduct the requisite investigation of the disputed information after receiving notification of the dispute from Plaintiff under § 1681i, nor did it follow reasonable procedures to assure the accuracy of Plaintiff's consumer reports under § 1681e(b). *Id.* ¶¶ 30-35.

In its Second Motion to Dismiss, Equifax argues Plaintiff's new allegations cannot cure the previously identified deficiencies, as a consumer reporting agency does not violate the FRCA simply by reporting unfavorable information. ECF No. 23-1 at 4-10. Equifax further argues that Plaintiff's claims that Equifax violated its reinvestigation duties and/or duties to follow reasonable procedures are entirely conclusory and fail to plausibly allege all the requisite elements. *Id.* at 8-10. In response, Plaintiff generally restates the allegations in his Amended Complaint and focuses on the "cumulative effect" of the allegedly misleading credit reports.[2] ECF No. 24. As to

---

[2] Plaintiff also requests, in the alternative, that he be granted leave to file a second amended complaint. ECF No. 24 at 14-15. However, Plaintiff has failed to file a motion for leave to amend his Amended Complaint and has failed to file a proposed second amended complaint for the Court to review. *See* Fed. R. Civ. P. 15. In the exercise of its discretion, and having considered Plaintiff's opposition brief in full, the Court denies Plaintiff's request.

Equifax's duties to reinvestigate and follow reasonable procedures, Plaintiff argues that he cannot know whether Equifax's procedures were reasonable without discovery. *Id*. at 8-9.

## II. Analysis

To state a claim under either Section 1681i or Section 1681e(b) of the FCRA, a plaintiff must plead that his credit report contained inaccuracies. *See, e.g.*, *Dawkins v. Experian Info. Sols., Inc.*, No. 6:22-cv-00774-TMC-JDA, 2022 WL 17668425, at *7 (D.S.C. Oct. 19, 2022), *Report and Recommendation adopted by* 2022 WL 17351761 (D.S.C. Dec. 1, 2022) ("To succeed on claims under § 1681i(a), a plaintiff must make a threshold showing of inaccuracy" (citation modified)); *Campbell v. Experian Info. Sols., Inc.*, No. 3:24- 5772-JFA-SVH, 2024 WL 5498104, at *3 (D.S.C. Dec. 30, 2024) ("To state a claim for a violation of 15 U.S.C. § 1681e(b), a plaintiff must plead facts showing that a particular consumer report contains inaccurate information" (citation modified)). However, "[c]ourts have held that a credit report is not accurate under FCRA if it provides information in such a manner as to create a materially misleading impression." *Saunders v. Branch Banking and Tr. Co. of VA*, 526 F.3d 142, 148 (4th Cir. 2008).

Here, Plaintiff has not alleged that his credit reports contained inaccuracies. Indeed, Plaintiff repeatedly acknowledges he does not dispute the accuracy of the charge-off indicators and derogatory payment history. *See* ECF No. 21 ¶¶ 7, 13, 25. Plaintiff's argument that he states a plausible FCRA claim against Equifax because their credit reporting was misleading is equally unconvincing. As Equifax explains in its Second Motion to Dismiss, courts across the country have concluded that because an account can only be charged off once, it is not inaccurate (or misleading) for a charge off to be repeatedly reported. See, e.g., *Lantos v. Equifax Info Servs., L.L.C.*, No. 2:23-cv-00240-LEW, 2024 WL 778819, at *3 (D. Me. Feb. 26, 2024); *see also Hickson v. Experian Info. Sols., Inc.*, No. 6:21-cv-00370-AA, 2023 WL 2734795, at *3 (D. Or. Mar. 31,

2024); *Shelton v. AmeriCredit Fin. Servs., Inc.*, No. 23-10543, 2023 WL 2761702, at *3 (D. Mich. Apr. 3, 2023); *Thomason v. World Fin.*, No. 1:23-cv-00109-ADA, 2023 WL 4375499, at *3 (W.D. Tex. July 6, 2023), *Report and Recommendation adopted by* 2023 WL 4833482 (W.D. Tex. July 27, 2023); *Makela v. Experian Info. Sols, Inc.*, No. 6:21-cv-00386-MC, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021); *Ciment v. TransUnion, LLC*, No. 24-CV-212 (CS), 2025 WL 307871, at *5, *8 (S.D.N.Y. Jan. 27, 2025).

Even assuming Plaintiff has plausibly pled that his credit reports contained inaccurate information, Plaintiff cannot meet the remaining elements of his FRCA claims. As to Plaintiff's assertion that Equifax failed to conduct a reasonable reinvestigation under § 1681i, the Court finds Plaintiff has not explained why Equifax's response was not reasonable.[3] Plaintiff's claim that Equifax failed to follow reasonable procedures under § 1681e(b) fails for the same reason; namely, that he fails to identify a specific way in which the procedures employed by Equifax in compiling a consumer report were not reasonable. Plaintiff's argument that allowing discovery will enable him to plausibly plead his claims likewise fails, as discovery is meant to find evidence for an already-stated claim, not to search for a claim itself. *See, e.g.*, *Iqbal*, 556 U.S. at 678-79 (holding that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions") (citation modified); *Johnson v. Am. Towers, LLC*, No. 3:13-789-CMC, 2013 WL 3148329, at *7 (D.S.C. June 19, 2013), *aff'd*, 781 F.3d 693 (4th Cir. 2015) (rejecting the plaintiff's argument that dismissing the complaint would deprive them of discovery which may uncover information not currently available as encompassing "only a desire to conduct a fishing expedition

[3] These deficiencies were noted by the Magistrate Judge in the Report and were not cured by Plaintiff in the Amended Complaint. *See* ECF No. 18 at 5 ("[W]hile Plaintiff alleges Equifax failed to conduct a reasonable reinvestigation, Plaintiff does not explain why Equifax's response was not reasonable.").

to determine if there is any factual basis for asserting claims against any [d]efendant," and holding that this is not enough to survive dismissal); *A.P. by and through S.R. v. S.C. Dep't of Soc. Servs.*, No. 4:25-cv-5882-JD, 2025 WL 2778346, at *3 (D.S.C. Sept. 26, 2025) ("While a plaintiff may plead on information and belief where relevant facts are peculiarly within a defendant's knowledge, the complaint must still include enough factual material to make the inference of liability plausible").

Accordingly, the Court concludes Plaintiff's allegations fail to state a claim under Section 1681i or Section 1681e(b) of the FCRA.

**CONCLUSION**

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge. For the reasons discussed above, the Court **GRANTS** Equifax's Second Motion to Dismiss [ECF No. 23], **FINDS AS MOOT** Equifax's First Motion to Dismiss [ECF No. 9] and the Report and Recommendation of the Magistrate Judge [ECF No. 18], and **DISMISSES** this action without prejudice and without further leave to amend.

**IT IS SO ORDERED**.

United States District Judge

August 20, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.